IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr30-MHT |
| | ) | (WO) |
| KALLISA ANN MENDENHALL and | ) | |
| JON'DERIUS LASHON SCOTT | ) | |

ORDER

This case is before the court on defendant Kallisa Ann Mendenhall's unopposed motion to continue her trial. Based on the representations made in the motion and on the record at a hearing on February 24, 2023, and for the reasons set forth below, the court finds that jury selection and trial for Mendenhall and co-defendant Jon'derius Lashon Scott, now set for March 13, 2023, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under this provision, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The Act also excludes from the 70 days, "A reasonable period of delay when the defendant is joined for trial

with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public, Mendenhall, and Scott in a speedy trial.  *See* § 3161(h)(7)(A).  According to defense counsel for Mendenhall, a continuance is necessary to allow adequate time for trial preparation and review of the extensive amount of discovery provided by the government.  Neither Scott nor the government object to this continuance, and no severance has been granted between Mendenhall and Scott.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Kallisa Ann Mendenhall's unopposed motion to continue trial (Doc. 45) is granted.

(2) The jury selection and trial for defendant Mendenhall and defendant Jon'derius Lashon Scott, now set for March 13, 2023, are reset for June 5, 2023, at 10:00

a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 27th day of February, 2023.

                                       /s/ Myron H. Thompson  
                                       UNITED STATES DISTRICT JUDGE