IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )         2:23cr30-MHT
                            )            (WO)
KALLISA ANN MENDENHALL      )
```

OPINION

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the United States Attorney's Office, the United States Probation Office, the Federal Defenders, and the Clerk's Office,

to determine whether a defendant might be eligible for a reduction of sentence.  *See* 2:23-cm-4048-ECM.

Defendant Kallisa Ann Mendenhall filed a motion for a sentence reduction (Doc. 191) based on Amendment 821. The court referred the motion to the Amendment 821 Screening Panel for recommendation.  The court has now received the Panel's recommendation.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered January 23, 2025, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Kallisa Ann Mendenhall is not eligible to receive a reduction in sentence pursuant to Amendment 821 for the following reasons. First, she did not receive status points at sentencing, so she is ineligible for a reduction on that ground.  Second, though she was a zero-point offender at the time of sentencing, she is not eligible for an adjustment for zero-point offenders under the applicable guideline, §4C1.1 of the U.S. Sentencing Guidelines.  Under that

guideline, a defendant is eligible for an adjustment *only if* she meets all of a list of 11 criteria. Defendant Mendenhall does not meet two of the criteria: that "the defendant did not possess ... a firearm or other dangerous weapon ... in connection with the offense," §4C1.1(a)(7); and that "the defendant did not use violence or credible threats of violence in connection with the offense," §4C1.1(a)(3). Because defendant Mendenhall was convicted of brandishing a firearm during a crime of violence, *see* Judgment (Doc. 134), she does not meet all of the criteria for an adjustment under U.S. Sentencing Guideline §4C1.1.

   An appropriate order will be entered.

   DONE, this the 23rd day of January, 2025.

                              /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE